# Pittsburgh, Oakland & East Liberty Passenger Railway Company, Plff. in Err., *v.* Julia Kane.

In an action to recover for injuries caused by being run over by a horse car, it was no error to refuse to charge that under all the evidence the verdict of the jury should be for defendant where there was testimony given tending to prove negligence of the car driver causing the injury.

---

Cited in Le Grand v. Wilkes Barre & W. Valley Traction Co. 10 Pa. Super. Ct. 12, 18.

NOTE.—It cannot be said, as matter of law, that permitting a child four years old to go upon a street in which there is a horse railway, in company with a child eleven years old, is negligence in the parents, or that the elder child had not sufficient intelligence to be intrusted with the care of the younger. Collins v. South Boston R. Co. 142 Mass. 301, 56 Am. Rep. 675, 7 N. E. 856.

Where a street railroad company allowed snow removed from its track to accumulate, so as to become dangerous to those using the street, it is chargeable with maintaining a nuisance, and is liable to a person injured thereby. Dixon v. Brooklyn City & N. R. Co. 100 N. Y. 170, 3 N. E. 65.

It is not negligence, as matter of law, for a passenger on a street car to attempt to leave the rear platform, while the car is moving slowly, and run alongside the car to the front platform, if the rear platform is overcrowded, and the rules of the company allow passengers to ride in front; nor is the passenger bound to know that his attempt is dangerous because the street has become slippery through neglect of the company to remove the snow. Ibid.

While it is a reasonable safeguard against accidents to forbid departure from a horse car while in motion, it would be unreasonable to deny to a passenger the right to move about on the floor of the car while it is in motion; such an act cannot be declared in law inexcusable negligence. Baltimore & Y. Turnp. Road v. Leonhardt, 66 Md. 70, 59 Am. Rep. 156, 5 Atl. 346.

A passenger moving about on the floor of the upper section of a double-decked car while in motion, whereby he is injured by coming in contact with a bridge, cannot be declared in law guilty of inexcusable negligence. Ibid.

A child riding upon the platform without payment of fare is a trespasser;

Where there was some evidence on the question of contributory negligence of the plaintiff, that question was also for the jury.

What constitutes negligence is generally a question for the jury, where material facts are disputed or inferences of fact are to be drawn from the testimony; when a duty is defined, a failure to perform it is negligence as matter of law.

It was not erroneous for the trial court to charge the jury that if the driver of the car saw the plaintiff or heard her warning cry or ought, by the exercise of ordinary vigilance, to have seen her or heard her cry in time to avert the accident, he was guilty of negligence and plaintiff should recover, where the defense of contributory negligence was also fully brought to the attention of the jury.

(Argued October 25, 1886.  Decided November 15, 1886.)

October Term, 1886, No. 68, before GORDON, TRUNKEY,

---

but if the driver ejects him in a manner which endangers life or limb, the company is liable.  Biddle v. Hestonville, M. & F. Pass. R. Co. 112 Pa. 551, 3 Cent. Rep. 404, 4 Atl. 485.

It seems that the failure to keep a conductor on each car, in addition to the driver, is not negligence *per se.*  Dunn v. Cass Ave. & F. G. R. Co. 21 Mo. App. 188.

Where a boy having safely alighted from a moving car was, while running across the street from behind the car, struck and injured by another car going in the opposite direction, it was held error to leave to the jury the question as to whether the conductor's failure to stop the car for the boy to alight contributed to the injury.  Ibid.

In Muehlhausen v. St. Louis R. Co. 91 Mo. 332, 2 S. W. 315, the negligence of the company, through which a person was injured, consisted in its failure to comply with the statutory requirement to furnish the car with adjustable gates or guards, such as would effectually prevent passengers from getting on or off the front platform.

In an action against a street railway company for personal injuries, evidence on the part of plaintiff that she, while alighting from defendant's car, carrying a child on her left arm, tried to reach with her right hand the handle of the rear dasher, but that although there were empty seats in the car, as another passenger was standing in the way, she missed the handle and, slipping on ice which remained on the step from the previous day, fell, receiving severe injuries, makes out a case for the jury; and a nonsuit is error, although it appears that the plaintiff knew there was ice on the step and might, by changing the child to the other arm, have grasped with her left hand the handle on the end of the car.  Neslie v. Second & Third Streets Pass. R. Co. 113 Pa. 300, 4 Cent. Rep. 699, 6 Atl. 72.

The driver of a vehicle, rightfully using a street railroad track as a part of the public street, is entitled to notice that the company requires the track for its car, before he is obliged to leave the track.  Orange & N. Horse R. Co. v. Ward, 47 N. J. L. 560, 4 Atl. 331.

See also Citizens' Pass. R. Co. v. Costigan, *ante*, 161.

For evidence of negligence sufficient to submit to the jury, see Schneider v. Pennsylvania Co. 1 Sad. Rep. 290.  For where a compulsory nonsuit should be entered, see note to Reinhart v. South Easton, 2 Sad. Rep. 105.

STERRETT, GREEN, and CLARK, JJ.   Error to the Common
Pleas No. 1 of Allegheny County to review a judgment on the
verdict for plaintiff in an action of trespass on the case for inju-
ries caused by negligence.   Affirmed.

This action was brought by Julia Kane against the Pitts-
burgh, Oakland & East Liberty Passenger Railway Company, to
recover for injuries resulting from being run over by a horse car.

The evidence given at the trial was conflicting.   The material
part of the testimony and the facts are set out in the following
charge of the court below by STOWE, J.:

"The first question for your consideration in this case is that
of the negligence of the driver of the car which injured the
plaintiff, because if he was not guilty of negligence, she cannot
recover, whatever her conduct may have been.   The driver is
not sued, but the company is responsible for his negligence if he
has been guilty of any.   If he did everything that was reason-
able and proper under the circumstances, the company is not
liable.   The speed at which the car was going does not appear,
from the testimony on both sides, to have been very great.   It
was coming down a slight grade.

"This girl had been attending to her proper duties; had been
across the street and wanted to get back, she says, but upon that
point she is contradicted by several witnesses; that when she
came to the ordinary crossing there was water on it and she did
not want to wet her feet, which she had a right, of course, to try
and avoid.   She walked along the track up to an opening in the
snow piled alongside of it which suited her convenience.   She
saw along the track an open space, probably a foot wide or so, on
which she could walk, and on which she says other people had
walked.   That, however, does not make any difference, for she
had a right to walk there; it was a public highway.   Of course
she was bound to know, in the absence of seeing anything, that
there might be vehicles coming along, and street cars; and she
was to a certain extent taking the possible risk of injury to her-
self.   She had a right to do it; and if the track seemed clear and
it was reasonably apparent she could reach this opening and get
out, in the way she was going, there would be no negligence in
it.

"The car was coming down street.   The driver says he didn't

see the girl until the car had struck her down or had about struck her. She was lying up against the bank of snow, hanging on with her hands, her feet apparently up a little distance from the track.

"The first question is, Ought this driver to have seen her, exercising, as he was bound to, a reasonable degree of care in looking out ahead as he came down the street? She was right upon the track or upon the edge of it. The bank of snow was such as apparently she could not in that way get out of the way of the car. There was not room for the car to pass without striking her, she being as close against the bank as she could get. It was not the duty of the driver to anticipate that she was there. It was his duty, of course, to look out to see if there might be or was anybody there. In other words, he was bound to look ahead in the ordinary exercise of care, and if (as there is no evidence however) he knew people were in the habit of traveling there, he ought to exercise a greater degree of care. He says he didn't see or hear anything until the cry was made when the girl was under the car. There was the noise of the car and the clatter of the horses' feet; because, although there was snow on the ground, it seems the stones were uncovered.

"The girl says she cried out before the car struck her. Did the driver hear that cry? If he did not, he was not bound to stop without the cry was such, and the evidence satisfies you that the cry was such, that he would have heard it provided he was attending to his business, looking ahead and listening in the ordinary way. If he neither saw the girl nor heard a cry, and that cry such as would indicate there was danger ahead of him, then if the jury are not satisfied he ought to have seen the girl, or would have seen her if he had been looking ahead and attending to his business in the ordinary way, he has been guilty of no negligence and the plaintiff cannot recover. That he didn't see the girl is a conclusion the jury will probably arrive at without much difficulty.

"There are very few men who would intentionally run down anybody. The question then is, If this man did not see or hear and did not madly or intentionally bring about this injury, which will not be pretended, I presume, ought he to have seen or heard the girl? If he was attending to his business, looking ahead in the gloom of the night, lighted up, as it is said to have been, by the street lamp, and didn't see this girl, and couldn't

have seen her or heard her if she cried out, he was not guilty of negligence. The only question is, Ought he to have known that the plaintiff was in danger? Was it going ahead which brought about the injury? He had no right to go ahead if the danger was such as ought to have brought itself to his notice. He was not bound to anticipate or foreknow that which was not obvious to him by the ordinary and proper exercise of his senses.

"That is the first and one of the great questions in this case, because, as I have said, if the driver was standing on the platform, attending to his business, looking out, didn't see this danger and couldn't have seen it, exercising the duties incident to such a situation, driving the car down the street, then, however unfortunate this accident may have been, he or the company would not be liable; but if he was not looking out, if he was not doing what he ought to have done, and doing that which he ought not to have done, or omitting to do that which he ought to have done, prevented his seeing or hearing, when, if he had been attending to his business he would have seen or heard, the company is liable, without the girl herself has been guilty of some contributory negligence which takes away her right of recovery.

"The rule of law in this state is well settled that it does not make any difference how negligent the party causing the injury may have been, if the party injured was guilty of want of care. Was this girl guilty of negligence, or in other words, did she exercise or not exercise reasonable and ordinary care about bringing herself into the place where she was hurt? Her position did bring about this injury, or contribute to bring it about. Now, was she negligent in putting herself in that position? If she was, she cannot recover. As I have said before, she had a right to cross this street. If it was apparently uncomfortable or inconvenient at the crossing, she had a right to pass up along the street to an opening that she knew of alongside of the railroad track. It was not a place where, under ordinary circumstances, it would have been very prudent to go. Shortly after she started and before the danger became imminent she saw the car coming. You will recollect there are two tracks. The space between them is some 3 or 4 feet. She was on the same track as the car coming down. She readily could have stepped on the other track and avoided danger. Ordinarily she would be bound to do that; but if in view of all the circumstances the jury think that when she first noticed the car and started to this opening

she had reason to believe she could reach it, taking in view, what she saw, with reference to the speed of the car, the mere fact that she didn't immediately step off the track would not be such negligence as would prevent her recovering. She was doing what would be ordinarily prudent, or rather what an ordinarily prudent person would do under the circumstances. If she has not satisfied the jury that at the time she was acting with reasonable prudence, in view of the coming car, the bank of snow, and the distance of this passage out, she cannot recover. She says after she got a certain distance she found she could not make this opening.

"Ordinary prudence would have suggested to anybody of reasonable intelligence, knowing all he or she had to do was to step 4 or 5 feet to one side to get out of the way, to go in that direction, and that is the rule the law would ordinarily hold a person to. If she became so confused and alarmed that, in seeking to escape, by a mistake of judgment or through fear or terror she climbed up the side of this bank when she might have gone to the other side and been safe, it will not make contributory negligence on her part, because, in a sudden emergency, brought about by the misconduct of somebody else, an emergency that prevents the ordinary exercise of judgment, if a person does what he or she would not do if time were allowed for reflection, and an injury happens, it will not prevent a recovery.

"If the plaintiff, to avoid wetting her feet, or because there would be a little more inconvenience or discomfort in using the regular crossing, in the exercise of judgment took the position she did, thinking she would be safe, and made a mistake, she cannot recover. She put herself in a place of obvious danger when there was one of obvious safety; but if, regardless of anything but her safety, she impulsively and without due consideration, terrified by the danger that seemed imminent, climbed up the bank, it was not contributory negligence, and so far as that part of the case is concerned she would have a right to recover. You will bear in mind, however, what I have said on the question of the negligence of the driver.

"As to the question of damages, the law has been correctly stated by counsel for plaintiff. The purpose is to make one whole as far as possible. If you find that the plaintiff is entitled to recover, she ought to have such a reasonable and proper amount as will fairly compensate for the injury done."

Plaintiff, *inter alia*, presented the following points:

2. If the jury believe that the driver of the car saw the plaintiff, or heard her warning cry, or ought, by the exercise of ordinary vigilance, to have seen her or heard her cry in time to avert the accident, he was guilty of negligence, and plaintiff should be entitled to the verdict.

*Ans.* This is affirmed, assuming, as stated by the driver, that he did not see or hear plaintiff until she was under the car.

4. If the jury believe that, immediately after the plaintiff cried out the first time to stop the car, she had reason to fear she could not cross the track or retrace her steps in safety, and she climbed the snow bank as the best means of escape open to her, then she was not guilty of contributory negligence; and if defendant's driver was negligent, the verdict should be for plaintiff.

*Ans.* There is nothing in the case which would justify the jury in finding that the plaintiff had any reason to believe that she could not cross from the track she was on, to the other track, and thus avoid the danger threatened by this car. When she saw the car coming, she could easily have crossed over the track. When she found that she could not reach the opening in the snow she was attempting to reach, and the danger became imminent, so far as appears, she could have gotten out of danger if she had made the effort to cross to the other side of the track. To neglect to do so was negligence on her part, unless the jury find from the evidence that, in the emergency of the danger coming suddenly and unexpectedly upon her, when she found that she could not reach the opening in the snow she became paralyzed by fear or confused by the immediate necessity of choosing some means of safety, she acted from a sudden impulse, based simply upon her regard to personal safety.

If she saw the danger, and, because she wished to avoid wetting her feet, and to prevent some personal discomfort, neglected to step across the track when she readily could have done so, and thinking she could escape by doing what she did, and made a mistake by placing herself in danger instead of safety (as she might have done), it is contributory negligence on her part; and she cannot recover in this action.

Defendant presented the following points:

1. That under the evidence the verdict of the jury must be for the defendant. *Ans.* Refused.

2. If the jury believe that the plaintiff could have escaped injury by stepping over to the unoccupied track of the railroad, and she neglected to do so, she was guilty of negligence that bars her recovery in this action. *Ans.* Affirmed, with the qualification contained in answer to point 4 of plaintiff.

3. If the plaintiff, seeing the car of the defendant company approaching, continued to walk along at the edge of the track upon which the car was moving, when she had opportunity to step to one side to a place of safety, it was contributory negligence, which will prevent her recovering in this action. *Ans.* Affirmed as above.

4. It is immaterial whether the driver of the car was guilty of negligence or not; if the plaintiff by her neglect contributed to her own injury, she cannot recover in this action.

*Ans.* Affirmed.

The verdict was rendered for the plaintiff, upon which judgment was entered.

The assignments of error specified the action of the court; 1, in refusing to affirm the defendant's first point; 2, in refusing to answer without qualification defendant's second point; 3, in refusing to affirm without qualification defendant's third point; 4, in affirming plaintiff's second point.

The assignments set out the points in full but not the answers thereto.

*Marshalls & Imbrie* for plaintiff in error.

*West McMurray* for defendant in error.

OPINION BY MR. JUSTICE STERRETT:

There was no error in refusing to charge: "That, under all the evidence, the verdict of the jury should be for the defendant." The testimony tending to prove negligence of the car driver, causing the injury complained of, was such as to require the submission of that question to the jury; and it was accordingly submitted under carefully guarded instructions contained in the general charge and answers to points presented by the respective parties.

While there was some evidence of contributory negligence on the part of plaintiff below, it was also for the jury. If the court had undertaken to say as matter of law that she was guilty of

negligence which contributed to her injury, it would have been manifest error.   What constitutes negligence in a given exigency is generally a question for the jury and not for the court. Where material facts are disputed or inferences of fact are to be drawn from the testimony, the case should be submitted to the jury.   It is only when the precise measure of duty is determinate—the same under all circumstances—that the court can undertake to determine what constitutes negligence.   When the duty is defined, a failure to perform it is, of course, negligence, and may be so declared, as matter of law, by the court.   Pennsylvania R. Co. v. Werner, 89 Pa. 59; Schum v. Pennsylvania R. Co. 107 Pa. 8, 52 Am. Rep. 468.

The questions of negligence and contributory negligence were fairly raised by the testimony, and both were properly submitted to the jury.   The first assignment of error is not sustained.

The second and third specifications are not according to the rule which requires, when the answer to the points is assigned for error, that "the points and answers referred to must be quoted *totidem verbis* in the specifications."   Rule 23.

We might, therefore, pass these specifications without further notice; but, turning to another part of the record, we have the qualified answers complained of, and fail to discover in either of them anything of which plaintiff in error has any reason to complain.

The affirmance of plaintiff's second point is the subject of complaint in the fourth and last specification.   In that point the court was requested to charge:   "If the jury believe that the driver of the car saw the plaintiff or heard her warning cry, or ought, by the exercise of ordinary vigilance, to have seen her or heard her cry, in time to avert the accident, he was guilty of negligence, and plaintiff should be entitled to their verdict." Standing alone this point would perhaps be objectionable, in that it ignores the element of contributory negligence, of which there was some evidence; but that ground of defense was so fully brought to the attention of the jury in answers to defendant's second, third, and fourth points, as well as in the general charge, that the jury could not have been misled by the answers of the learned judge to the point in question.

On the whole, the case was fairly submitted to the jury on all the questions of fact arising out of the testimony, and there ap-

pears to be nothing on the record that calls for a reversal of the judgment.

Judgment affirmed.